RONALD P. GRUNWALD AND SHARON M. GRUNWALD, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 18984–84.    Filed January 28, 1986.

*Douglas J. Brajcich* and *Matthew J. Anderton*, for the petitioners.

*Henry Thomas Schafer* and *Phyllis Greenblum*, for the respondent.

OPINION

NIMS, *Judge*: This matter is before the Court on respondent's motion for partial summary judgment pursuant to Rule 121.[1] Petitioners have filed a notice of objection to respondent's motion for partial summary judgment and a cross-motion for partial summary judgment.

Respondent determined deficiencies in petitioners' Federal income tax as follows:

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954 in effect for the years in issue.

| Year | Deficiency |
|---|---|
| 1975 | $29,069.64 |
| 1976 | 49,565.30 |
| 1977 | 22,164.88 |
| 1978 | 24,339.28 |
| 1980 | 51,501.32 |

Respondent's motion for partial summary judgment and petitioners' cross-motion for partial summary judgment raise the single issue of whether a letter sent by respondent's appeals officer to petitioners effectuated a termination of an agreement to extend the time to asess tax.[2]

None of the facts relevant to the termination issue are in dispute. All pertinent facts are set forth below.

Petitioners resided in Valleyford, Washington, at the time of filing the petition herein.

Petitioners and respondent timely executed a series of agreements in writing extending the period of assessment of tax for the years 1975 through 1978, inclusive.[3] The final agreement is memorialized on a Form 872–A (Special Consent to Extend the Time to Assess Tax) and was executed by petitioners on August 28, 1981, and by respondent on December 1, 1981. There is no dispute that the Form 872–A was executed while the period of limitations was still open. The agreement provides in pertinent part as follows:

(1) The amount(s) of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1975, December 31, 1976, December 31, 1977, and December 31, 1978 may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872–T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872–T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayers(s), the time for assessing the tax for

---

[2] A previous motion by petitioners to stay respondent's motion for partial summary judgment because of an alleged potential jurisdictional conflict between the District Court for the Eastern District of Washington and this Court was denied at the hearing of the subject motions.

[3] The year 1979 was also extended but is not in issue here because no deficiency is asserted for 1979. The year 1980 is unaffected by the outcome of the termination issue because the statutory notice of deficiency was issued prior to the normal 3-year statute of limitations.

the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited. A final adverse determination subject to declaratory judgment under sections 7428, 7476, or 7477 of the Internal Revenue Code will not terminate this agreement.

Respondent's Form 872–T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, requires that certain information be supplied by the party initiating the termination. For instance, the name and address of the taxpayer, the kind of tax at issue, and the periods covered by the notice of termination are required to be set forth. In addition, Form 872–T provides in pertinent part as follows:

Under the agreement dated _____, between the above taxpayer(s) and the Internal Revenue Service, this form is written notification of termination of Form 872–A, Special Consent to Extend the Time to Assess Tax, for the kind of tax and tax period(s) indicated above.

On November 8, 1983, Henry R. Viciedo (Appeals Officer) sent a letter to Robert E. Kovacevich (counsel for petitioners) which provided in part as follows:

Thank you for your letter dated November 4, 1983.

To date I have not received the signed agreement forms for Dr. Grunwald, nor, have I received your reply as to whether or not Dr. Grunwald will accept our out-of-pocket offer of settlement on his Master Recording issue in 1980.

To date I have not received a reply to my letter dated September 12, 1983 and October 21, 1983 with respect to your client.

If I do not receive any information which would help us conclude our case in an expeditious manner within 10 days of the above date, I will have no alternative but to mail a Statutory Notice of Deficiency for both of the above named taxpayers.

On March 21, 1984, respondent issued the statutory notice of deficiency at issue here. Petitioners contend that the deficiency notice is untimely as to years 1975 to 1978, inclusive, because the November 8, 1983, letter from the appeals officer effectively terminated the Form 872–A extension. Consequently, petitioners argue that the 134 days between termination and issuance of the deficiency

notice is violative of the 90-day time limit allowed by Form 872–A.

Conversely, respondent contends that the November 8, 1983, letter from the appeals officer was not a termination of the Form 872–A. Respondent argues that a Form 872–A can only be terminated by the issuance of a statutory notice of deficiency or by notification on Form 872–T by either taxpayer or the Internal Revenue Service of an intention to terminate Form 872–A. Alternatively, respondent argues that petitioners are estopped from raising the termination issue because of certain misleading representations made by petitioners' counsel and accountant. Since we agree that the appeals officer's letter was ineffective for the purpose claimed by petitioners, we need not consider respondent's alternative argument.

Section 6501(a) provides the general rule that a deficiency in income tax shall be assessed within 3 years after a return is filed. An exception to this general rule is found in section 6501(c)(4) which provides as follows:

SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION.
(c) EXCEPTIONS.—
    (4) EXTENSION BY AGREEMENT.—Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

The above section "refers only to time, and leaves the parties free to decide for themselves the terms on which an extension will be granted." *Pursell v. Commissioner*, 38 T.C. 263, 278 (1962), affd. per curiam 315 F.2d 629 (3d Cir. 1963). Extensions of the statute of limitations on assessments for an indefinite time, which either party may terminate upon proper notification, have been repeatedly sanctioned by this Court. See, e.g., *Winn v. Commissioner*, 67 T.C. 499, 507–509 (1976), affd. in part and revd. in part 595 F.2d 1060 (5th Cir. 1979); *McManus v. Commissioner*, 65 T.C. 197, 207–208 (1975), affd. 583 F.2d 443 (9th Cir. 1978).

A consent to extend the period for assessment of an income tax is essentially a unilateral waiver of a defense by a taxpayer and is not a contract. *Piarulle v. Commissioner*, 80 T.C. 1035, 1042 (1983); *Tallal v. Commissioner*, 77 T.C. 1291, 1294 (1981). Contract principles are significant, however, because section 6501(c)(4) requires that the parties reach a written agreement as to the extension. *Piarulle v. Commissioner*, 80 T.C. at 1042.

Here, the parties reached an agreement and properly executed a Form 872-A extending the period of asessment of tax for an indefinite time. Under the terms of the agreement, as set forth in our findings, the extension could be terminated unilaterally by petitioners or by respondent by executing and properly mailing a Form 872-T. The extension could also be terminated by respondent's mailing a statutory notice of deficiency to petitioners.

Petitioners contend nevertheless that the November 8, 1983, letter from the appeals officer effectively terminated the agreed upon extension. We find petitioners' contention to be meritless. The relevant waiver for the years in question which petitioners signed and which respondent accepted expressly and explicity sets out the 3 methods by which the period of limitations could be terminated, and a letter of the type sent by the appeals officer was not one of these. The very purpose expected to be served by Form 872-T would be frustrated were the parties free to indulge themselves in whatever form of termination might strike their fancy, regardless of the degree of informality chosen. Form 872-T explicitly informs the named taxpayers or the IRS, as the case may be, of the following things:

—the intent to terminate the period of limitations on assessment
—of the kind of tax and
—for the tax period(s) indicated in the notice.

A valid statutory notice of deficiency under section 6212 has the same effect.

The appeals officer's letter does none of the above. A deal is after all a deal, and fairness dictates that both parties adhere to the provisions of the document they both voluntarily signed. We cannot countenance petitioners'

efforts to distort what is on its face simply a last ditch effort by the appeals officer to settle this case—a commendable objective—and to alert petitioners to the consequences of the failure of settlement negotiations. No fair-minded person could read the letter as an effort by respondent to subvert the terms of the Form 872–A, and we cannot permit petitioners to construe it as such. We hold that the appeals officer's letter did not terminate the extension period agreed to by the parties in Form 872–A.

Petitioners' reliance on prior case law which held that Forms 872–A were terminated by certain letters sent by respondent to the taxpayers is misplaced. Petitioners rely heavily on *Johnson v. Commissioner*, 68 T.C. 637 (1977), and *Borg-Warner Corp. v. Commissioner*, 660 F.2d 324 (7th Cir. 1981), revg. T.C. Memo. 1979-350. Suffice it to say that these cases were decided before the Commissioner revised the language of Form 872–A to avoid just such an ambiguous situation as petitioners here seek to construct. See Rev. Proc. 79–22, sec. 4.02, 1979–1 C.B. 563, which provides:

.02 With the exception of the mailing of a notice of deficiency, written notification by the Service to the taxpayer(s) of termination of Service consideration can only be made using Form 872–T.

Respondent's motion for partial summary judgment will be granted, and petitioners' cross-motion for partial summary judgment will be denied.

To reflect the foregoing,

*Appropriate orders will be issued.*