TOM P. ROBERSON AND MARLO D. ROBERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roberson v. Commissioner
Docket No. 24825-82.
United States Tax Court
T.C. Memo 1986-520; 1986 Tax Ct. Memo LEXIS 95; 52 T.C.M. (CCH) 850; T.C.M. (RIA) 86520; October 20, 1986. Richard P. Voss and Michael Weinstock, for the petitioners. Lourdes M. DeSantis, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: This matter is before the Court on petitioners' Motion for Partial Summary Judgment and respondent's Cross-Motion for Partial Summary Judgment pursuant to Rule 121. [1]
Respondent determined deficiencies in petitioners' Federal income tax as follows: Year
Deficiency
1976
$22,847.00
1977
18,747.00
1978
4,836.00
The sole issue is whether a letter sent by petitioners' accountant to respondent's district *96 director in Atlanta was effective to terminate an agreement to extend the time to assess tax. There are no genuine issues of material fact. Petitioners resided in Atlanta, Georgia at the time of filing the petition herein. Petitioners filed income tax returns for the years 1976 and 1977 on June 15, 1977 and October 15, 1978, respectively. Appropriate extensions of time were in effect for both years and both returns were timely filed. Petitioners and respondent executed a Form 872-A "Special Consent to Extend the Time to Assess Tax" on April 2, 1980 and April 4, 1980, respectively, for the year 1976 and on February 23, 1981 and March 7, 1981, respectively, for the year 1977. There is no dispute that the Forms 872-A were executed while the period of limitations for each year was still open. The Form 872-A for the year 1976 provided in relevant part as follows: Tom P. Roberson and Marlo D. Roberson taxpayer(s) of 3276 Indian Valley Trail, N.E., Atlanta, Georgia 30341 and the District Director of Internal Revenue or Regional Director of Appeals consent and agree as follows: (1) The amount(s) of any Federal income tax due on any return(s) made by or for the above taxpayer(s) *97 for the period(s) ended December 31, 1976, may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s). However, if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will be further extended by the number of days the assessment was previously prohibited, plus 60 days. A final adverse determination subject to declaratory judgment under sections 7428, 7476, or 7477 of the Internal Revenue Code will not terminate this agreement. The Form 872-A for 1977 contains substantially identical language. On March 18, 1982, Pam Carruth wrote a letter to respondent which is reproduced in full as follows: March 18, 1982 Internal Revenue Service, Office of the District Directors, 275 Peachtree Street, N.E., Atlanta, Georgia 30303 Attention: S.J. Graham Re: Sewanee Ridge *98 Associates 30 day letter 1976, 1977 and 1978
Dear Mr. Graham: In accordance with our phone conversation of this date I am submitting the following: Communication with the general partner of Sewanee Ridge Associates has confirmed that the partnership has not as yet received a 30 day letter in reference to the findings outlined in your February 24, 1982 proposed tax adjustment for the following taxpayers. Tom P. and Marlo D. Roberson, 1540 Misty Oaks Drive, Atlanta, Georgia 30338 (your letter symbol 435/fg) Due to the above we choose not to go to conference at this time and request a 90 day letter be issued pending a decision on the partnership level. Respectfully submitted, Pam Carruth, Carruth & Associates, 2341 Johnson Ferry Road, Chamblee, Georgia 30341
CC: Tom P. and Marlo D. Roberson PC/meb Pam Carruth did not have on file with respondent a Power of Attorney authorizing her to represent petitioners. S.J. Graham was a Senior Reviewer working for the Internal Revenue Service, Quality Review Staff, Atlanta District, Atlanta, Georgia. His duties included among other things, reviewing revenue agents reports and overseeing the issuance of 30-day letters by the *99 Examination Division. Ms. Carruth's letter was received by the Director of Internal RevenueAtlanta, Office of the Chief of the Examination Division, Review Staff on March 24, 1982. After reviewing petitioners' administrative file and information from the related case of Sewanee Ridge Associates, Mr. Graham, following normal routine procedures, assigned petitioners' case for preparation of a 90-day letter. No Forms 872-T were sent by either party to the other at any time. On July 12, 1982, respondent issued the statutory notice of deficiency (90-day letter) which is at issue here. Petitioners contend that the statutory notice of deficiency is untimely as to the years 1976 and 1977 because the letter from Ms. Carruth, dated March 18, 1982, which was received by respondent on March 24, 1982, effectively terminated the Form 872-A extension and the notice of deficiency was issued more than 90 days after either of those dates. No statute of limitations question has been raised with respect to the year 1978. Respondent, on the other hand, contends that Ms. Carruth's letter of November 8, 1982, was not a termination of the Form 872-A, which can be terminated only by the issuance *100 of a statutory notice of deficiency or by a notification on Form 872-T, by either taxpayer or the Internal Revenue Service of intention to terminate Form 872-A. Alternatively, respondent argues that even if petitioners were not required to use Form 872-T to terminate the extension, the letter from Ms. Carruth did not have that legal effect since there was no Power of Attorney or other document signed by petitioners on file with respondent authorizing Ms. Carruth to act on their behalf. Since we agree that Ms. Carruth's letter was ineffective, in any event, for the purpose claimed by petitioners, we need not consider respondent's alternative argument. This case is the flip side of Grunwald v. Commissioner,86 T.C. 85 (1986), which we find to be controlling and dispositive of the issues raised here. [2] The only essential difference in the facts is that the letter in Grunwald, which taxpayers there allege terminated the Form 872-A extension, came from the Internal Revenue Service Appeals Officer to the taxpayers, whereas here the letter went from petitioners' accountant to respondent. Otherwise, the facts are essentially the same and we reaffirm this Court's *101 conclusion in Grunwald. The Forms 872-A which petitioners signed specifically set out the methods of terminating the agreement to waive the statute of limitations and which require petitioners to use a Form 872-T. As this Court stated in Grunwald:
A deal is after all a deal, and fairness dictates that both parties adhere to the provisions of the document they both voluntarily signed. * * * [86 T.C. at 89.] We noted particularly, the purpose to be served by Form 872-T: Form 872-T explicitly informs the named taxpayers or the IRS, as the case may be, of the following things: the intent to terminate the period of limitations on assessment of the kind of tax and for the tax period(s) indicated in the notice. [86 T.C. at 89.] We found that the appeals officer's letter in Grunwald did none of the above. Neither does Ms. Carruth's letter. One must stretch considerably to find that a request for a 90-day letter is the equivalent of the explicit information set forth in a Form 872-T. We also note that one of the purposes of a Form 872-T is to alert the Internal *102 Revenue Service to the fact that Form 872-A extension has been terminated, that time is now beginning to run out and that something must be done quickly in order to preserve its rights. For the Internal Revenue Service Form 872-T raises a red flag which calls for expedited action. Although here Ms. Carruth's letter did start the wheels in motion for the issuance of a statutory notice of deficiency, action was taken on a routine basis and was not completed within 90 days of the letter. A form 872-T would have given the Internal Revenue Service fair notice of the urgency of the matter which Ms. Carruth's letter did not. We also note that we are dealing here with the revised Form 872-A and not the old Form 872-A which was considered by many of the cases upon which petitioners rely. Petitioners have called our attention to Tapper v. Commissioner,766 F.2d 401 (9th Cir. 1985), affg. per curiam an order of this Court, and argue that this case authorizes the use of a letter rather than Form 872-T if the letter contains sufficient information and it was directed to the proper department. Even assuming that Ms. Carruth's letter met those two requirements, which it does *103 not, we do not read Tapper as standing for the proposition for which it is cited by petitioners. The Ninth Circuit affirmed the Tax Court's unpublished denial of a Motion for Summary Judgment for the reason that the taxpayer had no standing to challenge a decision to which he had consented. In dicta referring to the Form 872-T, the court stated that: The [T]ax[C]ourt correctly concluded that Form 872-A unambiguously requires the taxpayer to use Form 872-T to terminate the extension and that Norman Tapper's letter was not sufficient to terminate the extension because it was not directed to the proper division and that division was never apprised of taxpayers' desire to terminate the extension. [766 F.2d at 404.] We do not believe that the dicta in Tapper is contrary to this Court's opinion in Grunwald which, as we stated above, we find dispositive of the issues in these motions. [3]
We hold that Ms. Carruth's letter did not terminate the extension period agreed to by the parties in Form 872-A. Petitioners' Motion for Partial Summary Judgment is denied and respondent's *104 Cross-Motion for Partial Summary Judgment is granted. An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, in effect for the years in issue.↩
2. See Jordan v. Commissioner,T.C. Memo. 1986-124↩.
3. See Myers v. Commissioner,T.C. Memo. 1986-518↩.