JACK R. HALE AND PEGGY A. HALE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hale v. Commissioner
Docket No. 12408-87.
United States Tax Court
T.C. Memo 1988-271; 1988 Tax Ct. Memo LEXIS 296; 55 T.C.M. (CCH) 1127; T.C.M. (RIA) 88271; June 22, 1988; As amended June 22, 1988 *296 Petitioners and respondent duly executed a Form 872-A. Petitioners subsequently attempted to terminate the consent by mailing a Form 872-T to Fresno Service Center where their return was filed even though they knew their return was under consideration by the Appeals Division in Phoenix. Respondent's deficiency notice was issued within 90 days of receipt of 872-T by Appeals Division but more than 90 days after its receipt by Service Center. Held: Deficiency notice was timely. To hold otherwise would permit petitioners to benefit from their failure to comply with instructions on 872-T. Jack R. Hale and Peggy A. Hale, pro se. Linda J. Wise, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: For the taxable year 1981 respondent determined a deficiency in petitioners' income tax and additions to tax as follows: Additions to Tax
Deficiency
Section 6653(a)(1)
Section 6653(a)(2) [1]
$ 9,790.00
$ 489.50
50% of the interest
due on $ 9,790.00
Respondent also determined that the entire deficiency was an underpayment attributable to a tax motivated transaction subject to the increased interest rate provided by section 6621(c). The sole issue to be decided is whether an assessment for 1981 is barred by section 6501(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations and exhibits associated therewith are incorporated *298 herein by reference. Petitioners were residents of La Jolla, California, when they filed their petition. However, at the time they timely filed their joint 1981 income tax return with the Fresno Service Center they resided in Glendale, Arizona. On May 10, 1983, they also filed an amended 1981 return with the Fresno Service Center using their Glendale address. On the 1981 return petitioners claimed a deduction for a loss pertaining to a partnership known as Coaltec Development Association ("Coaltec"). By letter dated July 31, 1984, the Chief of Examination Support Staff for the office of respondent's District Director in Phoenix advised petitioners that Coaltec was being examined and that petitioners' 1981 return was being held in suspense to await the results of such examination. The letter also informed petitioners that they might be asked to execute a Form 872-A, Special Consent to Extend the Time to Assess Tax. A Form 872-A extending the period of assessment of taxes for the 1981 taxable year was executed by petitioners on September 27, 1984 and by the Chief of Examination Support Staff in Phoenix on September 28, 1984. The Form 872-A included the following pertinent *299 provision: Jack R. Hale & Peggy A. Hale * * * and the District Director of Internal Revenue or Regional Director of Appeals consent and agree to the following: (1) The amount of any Federal income tax due on any return(s) made by or for the above taxpayer(s) for the period ended December 31, 1981, may be assessed on or before the 90th (ninetieth) day after: (A) The Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s), or (B) The Internal Revenue Service mails Form 872-T to the taxpayer(s), or (C) The Internal Revenue Service mails a notice of deficiency for such period(s), except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited. * * * On July 31, 1986, an examination report (thirty-day letter) concerning petitioners' 1981 return was mailed to petitioners by the Examination Division of the Phoenix District. [2] In the examination report petitioners were advised that a deficiency for *300 1981 was being proposed by respondent from adjustments pertaining to Coaltec. The report further advised petitioners to contact Pat Bartlett of respondent's Tucson field office, 300 West Congress, Tucson, Arizona, with any questions regarding the proposed adjustments. With a Form 2848, Power of Attorney and Declaration of Representative, petitioners authorized Michael F. Giuffre, a certified public accountant, to represent them before the Internal Revenue Service on matters involving their 1981 tax return. The Form 2848 was executed by petitioners on August 14 and was received by respondent's Phoenix office on August 18, 1986. In separate letters, one dated August 20 and the other August 26, 1986, Mr. Giuffre corresponded with the Tucson field office regarding the thirty-day letter. In the earlier letter, which was directed to the attention of Pat Bartlett, Mr. Giuffre requested an explanation of the Coaltec adjustments. In the later letter, Mr. Giuffre formally protested *301 the determinations made in the thirty-day letter and requested an appeals conference on behalf of petitioners. In compliance with Mr. Giuffre's request the matter was referred to the respondent's Appeals Office in Phoenix. The case was assigned to Appeals Officer Stephen J. Sein on December 2, 1986. By letter dated January 5, 1987, Mr. Sein advised Mr. Giuffre that petitioners' return for 1981 had been referred to the Appeals Office and that he would be contacted by March 2, 1987 to schedule a conference. In the meantime on December 2, 1986 petitioners had executed a Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, with respect to 1981. The Form 872-T was mailed by petitioners on December 5, 1986 to: District Director of Internal Revenue
Attention: Chief Examination Division, Fresno, CA 93888
On the same date, December 5, 1986, petitioners mailed an amended 1981 return (Form 1040X) in a separate envelope to the same address. The amended return bears an execution date of December 2, 1986. Respondent does not have a District Director's office or Chief Examination Division located in Fresno. However, the Form 872-T was delivered *302 to the Fresno Service Center on December 8, 1986 [3] apparently because 93888 is the correct zip code of the Service Center. The Form 872-T contained no reference to the office of the District Director in Phoenix but since petitioners' California address appeared in the service center's computer the Form 872-T was routed by the Fresno Service Center to the Los Angeles District Director who received it on January 2, 1987. Personnel at the Los Angeles office were able to associate the Form 872-T with petitioners' 1981 return in the Appeals Office in Phoenix and forwarded it to Phoenix. The 872-T was received by the Appeals Office on January 23, 1987. The notice of deficiency on which this case is based was mailed by respondent to petitioners on March 12, 1987. As a result, the notice was mailed within 90 days of the date the Form 872-T was received by the Appeals Office, but beyond 90 days of the date *303 the 872-T was received by the Fresno Service Center. OPINION Petitioners contend that the 90-day period specified in the Form 872-A commenced on December 8, 1986, the date the Form 872-T was received by the Fresno Service Center, and consequently according to petitioners the notice of deficiency in this case was not timely issued under section 6501. Respondent counters that the 90-day period for the issuance of the notice of deficiency did not commence until January 23, 1987, the date the Form 872-T was received by the Phoenix Appeals Office since that was the office considering petitioners' 1981 return. Consequently, according to respondent the notice of deficiency was timely issued. Section 6501(a) prescribes the general rule that a deficiency in income tax shall be assessed within 3 years after a return is filed. However, under section 6501(c)(4) respondent and the taxpayer can by written agreement extend the period for assessment; and if so extended, "the tax may be assessed at any time prior to the expiration of the period agreed upon." A taxpayer's consent to extend the period of time for assessment of an income tax beyond the period provided by section 6501(a) *304 is not a contract but a unilateral waiver of a defense. Grunwald v. Commissioner,86 T.C. 85 (1986); Piarulle v. Commissioner,80 T.C. 1035 (1983). Contractual principles are applicable, however, since section 6501(c)(4) requires that the parties reach a written agreement as to the terms of the extension. Grunwald v. Commissioner, supra;Piarulle v. Commissioner, supra.Furthermore, "meticulous compliance by the taxpayer with all named conditions" in a consent is necessary in order to extend the running of the statute of limitations on assessment. Lucus v. Pilliod Lumber Co.,281 U.S. 245, 249 (1930). In this case the written agreement used by the parties in an attempt to comply with section 6501(c)(4) was the Form 872-A in which petitioners agreed to allow respondent 90 days to assess the tax after receipt of a Form 872-T from petitioners. Immediately above the lines bearing petitioners' signatures on their Form 872-T the following notation appears: "Signature & mailing instructions are on the back of this form" On the back of the form the following instructions appear: If the tax return(s) *305 to which this notice applies is under consideration by the Examination Division, mail this notice to the District Director of Internal Revenue having jurisdiction over the return(s), Attention: Chief, Examination Division. * * * If the tax return(s) to which this notice applies is under consideration by Appeals, mail this notice to the Chief, Appeals Office, having jurisdiction over the return(s). [4]
The obvious purpose of the instructions on the Form 872-T is to insure that the person within the Internal Revenue Service who has the taxpayer's return under consideration has sufficient time (90 days) to complete his consideration after receiving notice that the extension provided by the Form 872-A has been terminated by the taxpayer with a Form 872-T. On December 5, 1986, the date petitioners mailed the Form 872-T, petitioners' 1981 return was being considered by the Appeals Office in Phoenix pursuant to petitioners' request for an Appeals conference. Thus, under the instructions on the Form 872-T *306 the 90-day period provided in the Form 872-A would not commence to run until receipt by the Appeals Office of petitioners' Form 872-T. However, petitioners' Form 872-T was addressed to the "District Director, Chief Examination Division, Fresno, CA 93888," [5] a nonexistence office, and contained no reference to either the District Director or the Appeals Office in Phoenix even though petitioners had been in contact with both of those offices about the 1981 return. Because of the improper address used by petitioners, their Form 872-T was not received by the Phoenix Appeals Office, the office considering petitioners' return, until January 23, 1987. Since the delay in the receipt of the Form 872-T by the Appeals Office was due to the failure of petitioners to comply with "all named conditions" in the written agreement they had entered into with respondent, the 90-day period did not commence on December 8, 1986, the date the Form 872-T was received by the Fresno Service Center, but on January 23, 1987, the date the 872-T was received by the office in which the return was under consideration. To hold otherwise would permit petitioners to take advantage of a situation created by their *307 failure to comply with the terms of the Form 872-A. In other words as stated in R. H. Stearns Co. v. United States,291 U.S. 54, 61-62 (1934): The applicable principle is fundamental and unquestioned. "He who prevents a thing from being done may not avail himself of the non-performance which he has himself occasioned, for the law says to him in effect 'this is your own act, and therefore you are not damnified.'" Sometimes the resulting disability has been characterized as an estoppel, sometimes as a waiver. The label counts for little. Enough for present purposes that the disability has its roots in a principle more nearly ultimate than either waiver or estoppel, the principle that no one shall be permitted to found any claim upon his own inequity or take advantage of his own wrong. A suit may not be built on an omission induced by him who sues. [Citations omitted.] *308 In further support of the above conclusion, we note that the record contains no evidence that petitioners' 1981 return was ever under consideration by the Fresno Service Center. To the contrary, their 1981 return was first considered by the District Director's office in Phoenix and its branch office in Tucson. Thereafter at the request of their accountant, petitioners' return was under consideration by the Appeals Office in Phoenix. From the record as a whole and particularly from their contacts both in person and through their accountant with respondent's offices in Phoenix and Tucson, we are satisfied that petitioners in Fresno. We conclude, therefore, that respondent's notice of deficiency was timely issued prior to the expiration of the extended period of limitations provided by section 6501(c)(4). Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year at issue. ↩
2. The examination report was mailed to petitioners' address in La Jolla, California. From the record we are unable to determine the exact date of petitioners' change in address from Glendale to La Jolla. ↩
3. The Form 872-T was not date-stamped by the Fresno Service Center. However, the envelope in which it was mailed bears a date-stamp "12/10/86." We also note that petitioners' Form 1040X, mailed simultaneously, was received at the Fresno Service Center on December 8, 1986. ↩
4. See also Rev. Proc. 79-22, 1979-1 C.B. 563↩, where the taxpayer is directed to "sign and mail Form 872-T in accordance with instructions contained on the form." 5. We reject petitioners' claim that they properly addressed the Form 872-T pursuant to the instructions of that form. There is no District Director's office in Fresno, California, nor is there a "Chief, Examination Division." Indeed, on the basis of the address used by petitioners, it was a fluke that the Form 872-T ever reached the appropriate office in Phoenix. ↩