JAMES M. MYERS AND NELLIE A. MYERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Myers v. Commissioner
Docket No. 28154-87
United States Tax Court
T.C. Memo 1988-306; 1988 Tax Ct. Memo LEXIS 338; 55 T.C.M. (CCH) 1281; T.C.M. (RIA) 88306; July 21, 1988
Hugh V. Banta, *339 for the petitioner. Diane L. Worland, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180 and 181. [1] It was submitted fully stipulated pursuant to Rule 122. In a notice of deficiency dated June 18, 1987, respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: SECTION
SECTION
YEAR
TAX
6653(A)(1)
6653(A)(2)
1981
$ 2,090.00
$ 104.50
*
1982
5,326.00
266.30
*
1983
1,686.00
84.30
*
Petitioners filed a timely petition in this Court on August 21, 1987. Petitioners resided in Montezuma, Indiana, at that time. The only issue for our determination is whether the statute *340 of limitations bars the assessment of petitioners' income tax for 1981 and 1982. The parties stipulated the correct amount of the deficiencies for 1981 and 1982 in the event we determine that assessments for those years are not barred. They have also stipulated the correct amount of the deficiency for 1983. James M. Myers and Nellie A. Myers ("petitioners"), husband and wife, filed joint Federal income tax returns (Form 1040) for 1981 and 1982 with the Memphis Service Center. On September 28, 1984, through their agent, they executed Internal Revenue Service Form 872, "Consent to Extend the Time to Assess Tax" extending the statute of limitations for 1981 to June 30, 1986. Subsequently, on December 25, 1985, petitioners executed Internal Revenue Service Form 872-A "Special Consent to Extend the Time to Assess Tax," [2] as to both 1981 and 1982, extending indefinitely the statute of limitations on those years. The Form 872-A provided that it could be terminated by the occurrence of certain events, specifically: (1) The amount(s) of any Federal Income tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 1981 and December 31, 1982, may *341 be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the casereceives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s); except that if a notice of deficiency is sent to the taxpayer(s), the time for assessing the tax for the period(s) stated in the notice of deficiency will end 60 days after the period during which the making of an assessment was prohibited. A final adverse determination subject to declaratory judgment under sections 7428, 7476, or 7477 of the Internal Revenue Code will not terminate this agreement. (Emphasis added.) On March 18, 1987, petitioners mailed a properly executed Internal Revenue Service Form 872-T to respondent to terminate the Form 872-A. Respondent received that Form 872-T on March 20, 1987. Respondent issued the notice of deficiency on June 18, 1987, the ninetieth day after it received the Form 872-T. Petitioners contend *342 that the notice of deficiency was untimely because the statute of limitations barred the assessment of income tax for 1981 and 1982 at the time respondent issued it. They do not dispute the validity of the Form 872-A; they maintain, however, that under this agreement the notice of deficiency had to be issued within 90 days of the date they mailed the Form 872-T (March 18, 1986) instead of the day respondent received it (March 20, 1986), citing section 7502 in support of this argument. Petitioners argue, alternatively, that the concept of mutuality requires that the provisions governing termination of Form 872-A should be the same for both parties. Specifically, petitioners contend that both parties should be bound by the mailing date in ascertaining the date on which the Form 872-A terminates. Respondent maintains that the express language of the Form 872-A controls its termination and that the notice of deficiency was timely because it was issued within 90 days of the day respondent received the Form 872-T. In general, section 6501(a) provides that a notice of deficiency must be issued within three years after an income tax return is filed. However, the period of limitations *343 for assessment may be extended if the taxpayer and respondent "have consented in writing to its assessment after such time." Section 6501(c)(4). Extension of the statute of limitations for an indefinite time, which either party may terminate upon proper notification, has been sanctioned repeatedly by this Court. See, e.g., Kovens v. Commissioner, 90 T.C.     (1988); Winn v. Commissioner,65 T.C. 197, 208 (1975), affd. 583 F.2d 443 (9th Cir. 1978). A consent to extend the period for assessment is essentially a unilateral waiver of the taxpayer's defense and is not a contract. Stange v. United States,282 U.S. 270 (1931). Contract principles are significant, however, because section 6501(c)(4) requires that the parties reach a written "agreement" as to the extension. Piarulle v. Commissioner,80 T.C. 1035, 1042 (1983). The Form 872-A agreed to by the parties provided specifically that the amount of any Federal income tax due may be assessed on or before the 90th day after "the Internal Revenue Service office considering the casereceives Form 872-T." Emphasis added.) Nonetheless, petitioner contends that *344 section 7502 applies to the Form 872-T and that, therefore, it is the mailing date which starts the 90 day period running. Section 7502(a)(1) provides that with regard to "any return, claim, statement, or other document required to be filed * * * under authority of any provision of the internal revenue laws" timely mailing is treated as timely filing. Section 7502, however, applies only to documents required to be filed within a prescribed period or on or before a prescribed date. Since both Forms 872-A and 872-T are creatures of the "agreement" reached between petitioners and respondent, they are not documents "required to be filed." [3] See section 6501(c)(4). Consequently, we have held that it would be inappropriate to superimpose section 7502 on the literal language of those agreements. [4]
*345 Petitioners argue alternatively that this Court would sanction one means of terminating Form 872-A for petitioner and a different means for respondent if we interpret literally the terms of that form. By its terms, receipt by respondent of the taxpayer's Form 872-T and the mailing of a Form 872-T by respondent to the taxpayer start the running of the ninety day time period for issuance of the notice of deficiency. Petitioners maintain that we should require an identical means of termination by both parties, citing Rault v. Commissioner,T.C. Memo. 1982-283, in support thereof. In particular, petitioners rely on the following statement from that opinion: the mutual benefit derived by both parties seems more consonant with a rule which provides identical means for terminating the consent of either party. * * * Thus, without being guided to persuasive reasoning or without any apparent justification, we are unwilling to establish stricter guidelines for effecting a termination by the taxpayer than those enunciated in Johnson [Johnson v. Commissioner,68 T.C. 637 (1977)] respecting a termination [of Form 872-A] by the Commissioner. *346 [43 T.C.M. 1446 at 1452, 51 P-H Memo T.C. par. 82,283 at 82-1189.] However, petitioners' reliance on Rault v. Commissioner, supra, is misplaced. The issue in Rault covered the method of notification rather than the time of the notification. Moreover, the Form 872-A in that case did not contain the specific termination provisions involved here. Since the extension of the statute of limitations is a matter of "agreement" between the parties and the agreement was different in these two cases, the Rault opinion (including the dictum quoted above) is simply inapposite. See Grunwald v. Commissioner,86 T.C. 85, 90 (1986). In this case the Form 872-A was received by the Internal Revenue Service on March 20, 1987, and the notice of deficiency was issued on the ninetieth day thereafter, June 18, 1987. By these actions respondent fully complied with the terms of the Form 872-A to which petitioners and respondent had agreed. Petitioners are now attempting to vary the terms of that agreement to avoid the assessment of the tax. We will not allow them to avoid the consequences of their intentional act. Therefore, we hold that the *347 notice of deficiency is timely and, accordingly, the statute of limitations does not bar the assessment of petitioners' 1981 and 1982 tax. To reflect the stipulation of the parties, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise specified all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50 percent of the interest due on the underpayment. ↩
2. Form 872-A (Rev. September 1980). ↩
3. Petitioners argue that Form 872-A is required to be filed and, therefore, we should construe a filing requirement for Form 872-T. However, a close inspection of section 6501(c)(4) does not disclose any requirement that Form 872-A be filed within a prescribed period or on or before a prescribed date, nor do petitioners cite any authority for such proposition.↩
4. Lewis v. Commissioner,T.C. Memo. 1988-36; see also Brown v. Commissioner,T.C. Memo. 1986-239↩.