DAVID ARONSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Aronson v. Commissioner
Docket No. 25478-88
United States Tax Court
T.C. Memo 1991-539; 1991 Tax Ct. Memo LEXIS 591; 62 T.C.M. (CCH) 1109; T.C.M. (RIA) 91539; October 29, 1991, Filed *591 Edward I. Sussman, for the petitioner. Bruce Wilpon, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case has been assigned to Chief Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Chief Special Trial Judge: This case is before the Court after separate trial to consider petitioner's claim that respondent's notices of deficiency for taxable years 1980 and 1981 were issued beyond the statute of limitations. The only issue for decision is whether the statute of limitations bars assessment and collection of deficiencies and additions to tax set forth in respondent's notices of deficiency for taxable years ending December 31, 1980, and December 31, 1981. Respondent determined deficiencies and additions to tax in petitioner's Federal *592 income taxes for 1980 and 1981 as follows: Additions to Tax Under Section
Year
Deficiency
6653(a)(1)
6653(a)(2)
6621(c)
1980
$ 69,599
-
-
*
1981
$ 135,668
$ 6,783 **
*
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided in New York, New York, at the time his petition was filed. In 1983, petitioner's 1980 and 1981 income tax returns were audited by the Internal Revenue Service (IRS). During a meeting with respondent in the Fall of 1983, petitioner was requested to execute a "Special Consent to Extend the Time to Assess Tax" (Form 872-A, rev. July 1979), for taxable year 1980. On October 10, 1983, petitioner executed a Form 872-A for taxable year 1980, and mailed it to respondent. The Form 872-A was executed on respondent's behalf on October 24, 1983. On or about November *593 28, 1984, respondent mailed a letter to petitioner, requesting that petitioner also execute a Form 872-A for taxable year 1981. Included with the letter were two Forms 872-A, a return envelope, and a copy of IRS Publication 1035 (rev. 12-83) ("Extending the Tax Assessment Period"). These Forms 872-A were identical to the Form 872-A executed by petitioner for taxable year 1980. [1] Publication 1035 was enclosed to generally explain petitioner's rights and options in connection with the request to sign the consent extending the limitations period. Form 872-A is known as an "open-ended" consent. Generally, it operates to extend the period *594 of limitations on assessment until and including the 90th (ninetieth) day after: (a) The IRS office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend Time to Assess Tax, from the taxpayer; or (b) the IRS mails Form 872-T to the taxpayer; or (c) the IRS mails a notice of deficiency to the taxpayer. Publication 1035 specifically indicates that procedures for using Form 872-A are provided in Rev. Proc. 79-22, 1979-1 C.B. 563. Publication 1035 states that a copy of Rev. Proc. 79-22 "may be obtained by calling the Internal Revenue Service number listed in your telephone directory." At the time petitioner received Form 872-A for 1981, he was nervous about executing an open-ended consent. At most, he wanted to grant the IRS an extension of 90 days in which to make a determination regarding taxable year 1981. Moreover, petitioner decided that he wished to terminate the Form 872-A previously executed for taxable year 1980. Petitioner called information, obtained a taxpayer assistance number, and expressed his decisions concerning the consents to an IRS representative. Petitioner read Publication *595 1035 before phoning the IRS, but did not read Rev. Proc 79-22. Nor did petitioner request a copy of Rev. Proc. 79-22 from the IRS during his conversation, or anytime thereafter. Rev. Proc. 79-22 provides that to terminate Form 872-A, written notice to the IRS must be made using Form 872-T. Rev. Proc. 79-22 further provides that any attempt to terminate Form 872-A in any other manner, e.g., orally or by letter, by either a taxpayer or the IRS, will be ineffective. On December 18, 1984, petitioner executed Form 872-A for taxable year 1981, and sent it to respondent via certified mail. Petitioner mailed the consent without enclosing a cover letter. A certified mail receipt indicates that respondent received Form 872-A on December 20, 1984. Respondent deemed petitioner's Form 872-A defective, however, because the IRS received only one of the two photocopied Form 872-A pages sent to petitioner. Petitioner was notified of the defective Form 872-A two months after it was received by the IRS. In a letter (Form 5260) dated February 13, 1985, respondent requested that petitioner *596 re-execute Form 872-A. Accompanying the Form 5260 letter was a new Form 872-A. Petitioner executed a new Form 872-A for taxable year 1981 on February 18, 1985, and submitted it to respondent. Petitioner did not enclose a cover letter with the re-executed Form 872-A. Respondent executed petitioner's Form 872-A for taxable year 1981 on February 23, 1985. A copy of the executed Form 872-A was mailed to petitioner with a letter dated February 26, 1985, informing petitioner to call with questions about the executed consent. This letter indicated the IRS considered the assessment period extended per the terms of Form 872-A, with no conditions or restrictions. On June 23, 1988, petitioner executed and mailed to respondent two Forms 872-T, terminating Forms 872-A for taxable years 1980 and 1981. Respondent received both Forms 872-T on June 27, 1988. On July 7, 1988, and September 9, 1988, respondent mailed notices of deficiency to petitioner for taxable years 1980 and 1981, respectively. OPINION Essentially, petitioner and respondent are at odds over the existence and effect of two cover letters petitioner claims he mailed to respondent in connection with the execution of the Form *597 872-A for taxable year 1981. Petitioner's position is that the alleged cover letters (1) effectively terminated the Form 872-A executed for taxable year 1980, and (2) imposed a condition on the Form 872-A executed for taxable year 1981, limiting the extension of the period of limitations on assessment to only an additional 90 days. Petitioner argues that the cover letters were made part of the Form 872-A upon execution by both parties, and that respondent failed to issue notices of deficiency within the requisite time frames. Alternatively, petitioner contends that the statute of limitations bars assessment and collection of the determined deficiencies and additions to tax for taxable year 1981 because he did not have an agreement with respondent on the terms of the executed Form 872-A. Respondent expressly denies ever receiving the cover letters, and implicitly denies their very existence. Respondent contends that the Forms 872-A for taxable years 1980 and 1981 were unconditionally executed and remained in effect until petitioner filed two Forms 872-T on June 23, 1988, and that notices of deficiency for taxable years 1980 and 1981 were timely mailed to petitioner prior to any *598 expiration of the period of limitations on assessment. Generally, taxes must be assessed within three years from the date a return is filed. Sec. 6501(a). The three-year assessment period may be extended, however, if a taxpayer and the Internal Revenue Service execute a written agreement prior to the expiration of the limitations period. Sec. 6501(c)(4). The bar of the statute of limitations is an affirmative defense, which the claiming party must specifically plead and ultimately prove. Adler v. Commissioner, 85 T.C. 535, 540-541 (1985); Kronish v. Commissioner, 90 T.C. 684, 692 (1988); Rules 39, 142(a). In this case, petitioner and respondent executed written agreements extending the assessment period for taxable years 1980 and 1981. The question is whether the notices of deficiency were issued before the assessment periods expired. Petitioner produced copies of the alleged cover letters, and testified that each letter respectively, was mailed to respondent together with the Form 872-A executed for taxable year 1981. Petitioner's first alleged cover letter, dated December 18, 1984, states: Gentlemen: In accordance with the *599 IRS publication # 1035 (Rev. 12- 83) - titled Extending the Tax Assessment Period, the first paragraph on page 2 which reads: Generally, in open-ended consents, the extension period remains open until 90 days after either the taxpayer or Service files written notice ending the agreement.
I am herewith giving you written notice that I am electing to end the enclosed Consent to Extend, and in addition also electing to end all other Consents to Extend previously submitted.
Petitioner's second alleged cover letter, dated February 18, 1985, states: Dear Sirs: I have received your notice of 2/13/85 in which you say my correspondence of December 18, 1984 failed to include a form. I do not agree with you on this however, I am happy to re-sign the enclosed form using the original date of signature December 18, 1984, relative to the form and correspondence originally mailed to you in December of this past year.
We first address the question of petitioner's alleged cover letters. Did petitioner enclose the two cover letters in connection with the execution of the Form 872-A for taxable year 1981, and did respondent receive the letters? Based on the evidence, we find *600 that petitioner did not enclose the cover letters in connection with the execution of Form 872-A for taxable year 1981. However, even assuming arguendo petitioner did write the cover letters and respondent did receive them, we do not find their content has the meaningful effect petitioner asserts. As we discuss infra, petitioner's letters neither effectively terminated the consent executed for taxable year 1980, nor effectively conditioned the terms of the consent executed for taxable year 1981. Termination of Form 872-A for Taxable Year 1980
Petitioner contends that his cover letters effectively terminated the Form 872-A executed for taxable year 1980, and that respondent's July 7, 1988, notice of deficiency was issued beyond the 90-day time limit specified by Form 872-A. In contrast, respondent contends that petitioner's letters did not validly terminate the executed Form 872-A. Respondent argues that the Form 872-A at issue could be terminated either unilaterally by petitioner or respondent through proper execution of a Form 872-T ("Notice of Termination of Special Consent to Extend the Time to Assess Tax"), or by respondent's mailing a statutory notice of deficiency *601 to petitioner. We agree with respondent. Since Grunwald v. Commissioner, 86 T.C. 85 (1986), this Court has consistently held that taxpayers must use Form 872-T to terminate Form 872-A. Benson v. Commissioner, T.C. Memo 1987-612; Myers v. Commissioner, T.C. Memo 1986-518. The obvious purpose of Form 872-T is to enable a taxpayer to explicitly inform the IRS of the intention to terminate an executed Form 872-A. In bold print at the top of the form, Form 872-T identifies itself as "Form 872-T, Notice of Termination of Special Consent to Extend Time to Assess Tax." Form 872-T requests a taxpayer's name, address and identification number; the kind of tax at issue; and the tax periods covered by the notice of deficiency. All of this information aids the IRS in understanding and following a taxpayer's intent. It is clear that the very purpose expected to be served by Form 872-T would be frustrated if the parties are free to use any form of termination they choose, regardless of the degree of informality chosen. Grunwald v. Commissioner, supra at 89. Accordingly, petitioner's letter was not an effective *602 termination of the Form 872-A executed for taxable year 1980. As an alternative to this conclusion, petitioner presents an estoppel argument, asserting that respondent set in motion petitioner's use of a cover letter to terminate the Form 872-A executed for taxable year 1980, and should be precluded from arguing that such method of termination is not effective. To support his argument, petitioner alleges that one of respondent's representatives advised him to execute the Form 872-A for taxable year 1981 and simultaneously, in a separate writing, terminate the Form 872-A for taxable year 1981 as well as for 1980. Petitioner also claims he relied on language in Publication 1035 stating that an open-ended consent can be terminated by filing "written notice." Petitioner's estoppel argument is misplaced. First, we note that petitioner has not established that one of respondent's employees provided erroneous advice. However, assuming arguendo that such advice was given, respondent is not bound by the erroneous advise of his agents. Dixon v. United States, 381 U.S. 68, 14 L. Ed. 2d 223, 85 S. Ct. 1301 (1965); Druker v. Commissioner, 77 T.C. 867 (1981), affd. in part and *603 revd. in part on other grounds 697 F.2d 46 (2d Cir. 1982). Second, if petitioner relied on Publication 1035 as authority on how to terminate an executed Form 872-A, that error is of his own making. Publication 1035 expressly states that the procedures for using an open-ended consent (Form 872-A) are provided in Rev. Proc. 79-22. Had petitioner chosen to read Rev. Proc. 79-22, he would have learned that with the exception of the mailing of a notice of deficiency, the term "written notice," for the purpose of terminating Form 872-A, refers uniquely to the execution of a Form 872-T. See Rev. Proc. 79-22, 1979-1 C.B. 563, secs. 3.03, 4.02, 4.03. Moreover, Form 872-A, on its face, unambiguously provides the manner in which a taxpayer may terminate Form 872-A, i.e. through execution of Form 872-T. In essence, it seems to us that petitioner neither took the time to read Form 872-A, nor did he, contrary to his testimony, "carefully" read Publication 1035. Petitioner's Form 872-A for Taxable Year 1981
Petitioner next contends that the alleged cover letters effectively conditioned *604 the express language of the Form 872-A executed for taxable year 1981 by limiting the extension to 90 days, and that respondent's September 9, 1988, notice of deficiency was issued beyond the 90-day time limit. Respondent argues that petitioner's alleged cover letters contain no language indicating restrictions on the duration of the consent, and are merely ineffective attempts to terminate the Form 872-A. We agree with respondent. The terms of a cover letter accompanying a Form 872-A may be considered restrictive conditions of the consent and part of the agreement to extend the assessment period. Smith v. Commissioner, T.C. Memo 1989-87; Scheuerman v. Commissioner, T.C. Memo 1984-160. To effectively condition a consent, a letter must in some way contrast with or alter the language of some provision of the Form 872-A. See Scheuerman v. Commissioner, supra.As we review petitioner's cover letters looking for conditions restricting the express language of Form 872-A, we find there are none. Petitioner's letter dated December 18, 1984, was written to accompany his submission of the first Form 872-A he executed for *605 taxable year 1981. With obvious deliberation, petitioner's letter quotes Publication 1035's general statement on how to terminate open-ended consents, and then very clearly states, "I am herewith giving you written notice that I am electing to end the enclosed Consent to Extend, and in addition also electing to end all other Consents to Extend previously submitted." Petitioner's second cover letter, dated February 18, 1985, and written to accompany his re-executed Form 872-A, serves merely to inform the IRS that petitioner considers December 18, 1984, as the controlling date of termination. Petitioner's letters neither add nor subtract anything from the standard language of Form 872-A. Accordingly, they do not establish conditions to Form 872-A. In our view these cover letters simply manifest an attempt to terminate the Forms 872-A executed for taxable years 1980 and 1981, and as we stated earlier in this opinion, the termination attempt was ineffective. Alternatively, petitioner contends that if we find that the cover letters did not effectively condition the Form 872-A for taxable year 1981, there was no "agreement" to extend the assessment period. The reason, petitioner argues, *606 is that he executed Form 872-A with the understanding that he was limiting the extension to 90 days by the terms of the cover letters, whereas respondent executed the Form 872-A without considering any such limitations. Since we view petitioner's letters as containing no restrictive conditions on the express terms of Form 872-A, we must disagree. A consent to extend the period of limitations on assessment is a unilateral waiver of a defense by a taxpayer, and not a contract. Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983); Kronish v. Commissioner, 90 T.C. 684 (1988). "Contract principles are significant, however, because section 6501(c)(4) requires that the parties reach a written agreement as to the extension." Piarulle v. Commissioner, supra at 1042. Contract principles inform us that the objective manifestation of the parties' overt acts, and not the parties' secret intentions, dictates whether an agreement has been reached. Kronish v. Commissioner, supra at 693; 1 S. Williston, Contracts, secs. 22 and 35 (3d ed. 1957); 1 Restatement, Contracts 2d, sec. 19 (1979). Petitioner's secret *607 intention may have been to restrict the Form 872-A executed for 1981, but, as we objectively view his overt actions in this case, we see no evidence of such intent. Petitioner's signature on the Form 872-A, without any limiting conditions on the form itself or in the accompanying letters, manifests his agreement to extend the limitation period on assessments pursuant to the express language stated on the Form 872-A. See Ribb v. Commissioner, T.C. Memo 1988-379. In summary, we find that petitioner did not effectively terminate his Forms 872-A executed for taxable years 1980 and 1981 until June 23, 1988, and that respondent's notices of deficiency, mailed July 7, 1988, and September 9, 1988, were timely issued. An appropriate order will be issued. Footnotes
*. 120 percent of the interest due on the deficiency ** 50 percent of the interest due on $ 72,129↩
1. Form 872-A is usually printed on a single green page, front and back. Trial testimony indicated that the IRS occasionally runs out of these green forms, and that when this occurs, taxpayers are mailed a photocopy of the form, printed on two separate white pages. It appears that the Form 872-A mailed to petitioner regarding taxable year 1981 was the two page photocopied version.↩