HARRY EKDAHL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24271. Promulgated February 18, 1930.

*Louis Loeffler, Esq.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner timely filed a Federal income-tax return for 1920 on March 15, 1921. It is stipulated that such return

included the income and deductions of both husband and wife, and that it was made by the husband. The notice of deficiency was mailed to the petitioner on or about December 18, 1926, which was more than five years after the filing of the return. There is no proof of any assessment prior to the deficiency notice. It is stipulated that the petitioner at no time filed any waiver extending the statutory period for assessing any deficiency for 1920. The petitioner pleads that at the date of the deficiency notice the statutory period within which assessment could be made had expired, and that on such date the Commissioner was without authority to assess or collect. In his answer the respondent pleads no exception in avoidance of the period of limitation, but " Denies that the assessment of any deficiency found by reason of the adjustments complained of is barred by the statute of limitations."

We have held that, where the facts establish a *prima facie* case that the statute of limitations has run against liability for an asserted deficiency, the burden of showing any exceptions thereto is upon the respondent. *Farmers Feed Co.*, 10 B. T. A. 1069; *Bonwit Teller & Co.*, 10 B. T. A. 1300; *Carnation Milk Products Co.*, 15 B. T. A. 556; *Jonathan Godfrey et al.*, 18 B. T. A. 775. In *Dunson Mills*, 10 B. T. A. 1150, we indicated and in *Farmers Feed Co.*, *supra*, we expressly held, that " In our opinion it is not necessary for petitioner to negative the exception and it is for the respondent in his answer to affirmatively plead matters in avoidance." Relying on our decisions, *supra*, the petitioner argues that on the pleadings he should have a decision favorable to his contention. If there were no more this might be done, but there is a stipulation which takes a certain waiver into the record presumably as evidence supporting the contention of the respondent. In these circumstances we are of the opinion that the pleadings have been superseded by the agreed statement of facts and that upon such statement we must decide whether the instrument relied on by the respondent is effective for the purpose for which it is adduced by the respondent.

The writing produced by the respondent, and by stipulation included in the evidence, was signed by the wife of the petitioner and purports to extend the time for the assessment and collection of " taxes due under any return made by or on behalf of such taxpayer for the years 1919 and 1920." The return made by the petitioner is a joint return which, it is stipulated, includes the income and deductions therefrom of himself and wife for 1920. The authority for such a return is found in section 223 of the Revenue Act of 1918, which provides:

\* \* \* If a husband and wife living together have an aggregate net income of $2,000 or over, each shall make such a return unless the income of each is included in a single joint return.

In the Revenue Act of 1921, this provision was somewhat changed, apparently only for the purpose of clarification, to read as follows:

SEC. 223. (a) That the following individuals shall each make under oath a return stating specifically the items of his gross income and the deductions and credits allowed under this title—

\*  \*  \*  \*  \*  \*  \*

(b) If a husband and wife living together have an aggregate net income for the taxable year of $2,000 or over, or an aggregate gross income for such year of $5,000 or over—

(1) Each shall make such a return, or

(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.

\*  \*  \*  \*  \*  \*  \*

The joint return provided for in the sections of the revenue acts above cited is made on an individual tax-return form. Only one signature in validation is required. No other name, signature, or statement except the word "yes," which fixes the nature of the return, even suggests that any one, except the signer, acknowledged or incurs any liability for tax on the income so reported. The law applicable here, section 250 (d) of the Revenue Act of 1921, provides that the taxes due under any return for years prior thereto "shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax."

It is stipulated that at no time has the petitioner filed any waiver extending the time for assessment of the deficiency for the year 1920 beyond the five-year period specified in section 250 (d) of the Revenue Act of 1921. As it is agreed that the waiver was not signed by the petitioner and as there is no evidence that the signer was authorized by power of attorney, or otherwise, to act for him, we conclude that the petitioner is not bound thereby and that it is without effect to suspend the operation of the statute of limitations as to this petitioner.

At the date of the deficiency notice herein the respondent was without authority to determine, assess or collect any tax due by the petitioner on account of his income for 1920. Cf. *Bamberg Cotton Mills Co.*, 8 B. T. A. 1236; *Bisso Ferry Co.*, 8 B. T. A. 1104; *Bond, Inc.*, 12 B. T. A. 339; *Weis & Lesh Manufacturing Co*, 13 B. T. A. 144; *American Arch Co.*, 13 B. T. A. 552; *Sanborn Brothers*, 14 B. T. A. 1059; *S. Hirsch Distilling Co.*, 14 B. T. A. 1073.

As an alternative contention the petitioner pleads that if the statute of limitations has not run against his tax liability for 1920 he and his wife are entitled to file separate amended income-tax

returns for that year. In view of our conclusion above no decision on this issue is required.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

MARQUETTE dissents.