JOSEPH J. TALLAL, JR., AND PAMELA J. TALLAL, PETITIONERS *V.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 19237-80.    Filed December 21, 1981.

*Robert K. Dowd*, for the petitioners.
*Douglas R. Fortney*, for the respondent.

OPINION

SCOTT, *Judge*: This case is before the Court on a motion to dismiss filed by petitioners on March 20, 1981, which, by

agreement of the parties, was argued and considered as a motion for summary judgment.

Respondent, by notice mailed to petitioners on July 11, 1980, determined that there was a deficiency in the income tax of Joseph J. Tallal, Jr., and Pamela J. Tallal, for the taxable year ended December 31, 1976, in the amount of $26,474. The determination of deficiency was based entirely upon the disallowance of a loss claimed on petitioners' return from a partnership interest in a partnership known as the Cumberland Group.

Joseph J. Tallal, Jr., and Pamela J. Tallal, who resided in Dallas, Tex., at the time of the filing of the petition in this case, were married during the calendar year 1976. They filed a joint Federal income tax return for that year on June 15, 1977. Mr. and Mrs. Tallal were divorced on November 15, 1977. A provision in the divorce decree provided that Joseph J. Tallal, Jr., should be liable for all income taxes assessed on income attributable to calendar years before January 1, 1977.

During the course of an audit of petitioners' tax return, petitioner Joseph J. Tallal, Jr., was asked by a revenue agent to sign a consent extending the statute of limitations for assessment and collection of income tax for the year 1976, pending the outcome of an investigation of a partnership in which he had an interest. The partnership investigation was being conducted by revenue agents located in San Francisco. Mr. Tallal said he would not sign such a consent since he felt that the partnership was valid and saw no reason to give the extension. Mr. Tallal was told that, if an extension was not granted, it would be necessary to issue a notice of deficiency prior to June 15, 1980, when the statute of limitations for issuance of such a notice would expire.

In late May 1980, the agent requested that Mr. Tallal sign a restricted consent to a 30-day extension of the statute of limitations to July 15, 1980. Mr. Tallal stated to the agent that he would agree to such a 30-day extension of the statute of limitations if the agent would obtain his ex-wife's signature as well as his on the document granting the extension. Thereafter, the agent left at Mr. Tallal's home a Form 872-R, "Restricted Consent to Extend the Time to Assess Tax Attributable to Partnership Items." In the blank space for "(Name(s))" appeared "JOSEPH J. & PAMELA TALLAL" and the

address was given as "9516 Milltrail, Dallas, Texas 75238." This Form 872-R was signed by petitioner Joseph J. Tallal, Jr., on May 30, 1980, and was signed on behalf of the District Director of Internal Revenue on June 2, 1980. The consent extended the period for assessing a Federal income tax due by petitioners for the year ended December 31, 1976, to July 15, 1980. This Form 872-R was not signed by Pamela J. Tallal. No other consent to an extension of the statute of limitations on assessment and collection of their income tax for the year 1976 was executed by either of petitioners.

On October 7, 1980, petitioners filed a petition with this Court alleging that the assessment of any deficiency in their income tax for taxable year 1976 was barred by the statute of limitations. On December 16, 1980, petitioners filed an amended petition containing, among others, this same allegation, and on February 4, 1981, petitioners filed a second amended petition. Respondent, in his answer to the second petition as amended, alleged, as a defense to petitioners' assignment of error, that the statute of limitations barred the assessment and collection of a deficiency due from petitioner Joseph J. Tallal, Jr., for the calendar year 1976, that prior to the expiration of the statute of limitations provided by section 6501(a),[1] petitioner Joseph J. Tallal, Jr., had executed a written agreement, Form 872-R, pursuant to the provisions of section 6501(c)(4) extending the period for assessment of income tax for the year 1976 to July 15, 1980. In his answer, respondent admitted that the statute of limitations barred the assessment and collection of an income tax deficiency for the year 1976 from petitioner Pamela J. Tallal.

Petitioners' motion to dismiss, which the parties at the hearing agreed should properly be considered to be a motion for summary judgment, is based on the ground that the consent to extend the time for assessment and collection of income tax for the year 1976 signed by petitioner Joseph J. Tallal, Jr., on May 30, 1980, is invalid as to both petitioners since no signature of Pamela J. Tallal was ever obtained on the Form 872-R.

Mr. Tallal's primary position is that his statement to the

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.

revenue agent in agreeing to sign the consent to extend the statute of limitations was not complied with and the document he signed is invalid. Mr. Tallal argues that a waiver is a contract and that a condition to his agreement to sign the contract was not complied with, thereby making the contract invalid. It is well settled that a consent to extend the statute of limitations for assessment and collection of an income tax is not a contract but a unilateral waiver of a defense by a taxpayer. No consideration is necessary to give validity to such a consent. See *United States v. Gayne*, 137 F.2d 522 (2d Cir. 1943).

The record is clear that there was no duress by the revenue agent that caused Mr. Tallal to sign the consent nor was there any misrepresentation of fact made by the agent to Mr. Tallal. Nothing on the face of the consent states that Mr. Tallal was signing it on the condition that his former wife's signature to the consent be obtained. The consent is a written document. Had Mr. Tallal written on the Form 872-R that his granting of the extension of time for assessment and collection of the tax was conditioned on the signature of his former wife being obtained, we would have a different case, and we are not here deciding such a case. This record does not show that the revenue agent made any commitment to Mr. Tallal to obtain his former wife's signature. Even if he had, his action would not necessarily be binding on the Commissioner. See *United States v. Stewart*, 311 U.S. 60 (1940). Cf. *Boulez v. Commissioner*, 76 T.C. 209, 213–214 (1981).

Mr. Tallal further contends that since the names of both petitioners were typed on the top of the Form 872-R, the document is invalid as to both petitioners because it is signed by only one of them. Mr. Tallal, in support of his argument, points to the following statement under "Instructions" on the second page of the Form 872-R:

If this consent is made for any year(s) for which a joint return was filed, both husband and wife must sign the original and copy of this form unless one, acting under a power of attorney, signs as agent for the other. The signatures must match the names as they appear on the front of this form.

Section 6501(c)(4)[2] provides that where both the Secretary or

---

[2]Sec. 6501(c)(4) provides as follows:

his delegate and the taxpayer have consented in writing before the expiration of the time prescribed for assessment of any income tax to the extension of the period for such assessment, the tax may be assessed at any time prior to the expiration of the period agreed upon. Nothing in the statute requires that where a joint return has been filed, the signatures of both taxpayers are required to make the extension valid. The same argument made by Mr. Tallal in this case was made with respect to a Form 870 (consent to assessment of a deficiency) in *Dolan v. Commissioner*, 44 T.C. 420 (1965). In that case, we held that even though a husband and wife file a joint return, they are separate taxpayers and it follows that one has an absolute right at any time to waive the restrictions on assessment and collection even though the other does not. In a footnote, we referred to language similar to that relied on by Mr. Tallal in the instant case as "superfluous." *Dolan v. Commissioner, supra* at 429.

Since petitioner Joseph J. Tallal, Jr., and petitioner Pamela J. Tallal are separate taxpayers, each had the authority to extend the period of limitations on assessment and collection of a tax independent of action by the other. We therefore conclude that on July 11, 1980, when the notice of deficiency was issued to petitioners, the statute of limitations did not bar the assessment and collection of the tax from petitioner Joseph J. Tallal, Jr., because of the Form 872-R he had signed extending the period for such assessment and collection of the tax.[3] Cf. *Ekdahl v. Commissioner*, 18 B.T.A. 1230 (1930).

We hold that the statute of limitations, with respect to the assessment and collection of tax for the year 1976 from Joseph J. Tallal, Jr., had not expired on July 11, 1980, when the notice of deficiency was mailed to petitioners. The notice is therefore

---

(4) EXTENSION BY AGREEMENT.—Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary or his delegate and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

[3]The facts in the instant case are indistinguishable from those in *Magaziner v. Commissioner*, T.C. Memo. 1957-26, except that in that case, the waiver had been signed only by the wife and not by the husband. We there held that assessment of the tax against the wife was not barred because she had signed the waiver form, but that the statute barred assessment against the husband who had not signed the waiver form.

a valid notice of deficiency to Mr. Tallal, even though at the time the notice of deficiency was mailed to petitioners, assessment and collection of a deficiency from Mrs. Tallal was barred by the statute of limitations.

> *An appropriate order and decision will be entered.*