GERALD ADLER AND GISELA ADLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adler v. Commissioner
Docket No. 7337-87
United States Tax Court
T.C. Memo 1989-446; 1989 Tax Ct. Memo LEXIS 446; 57 T.C.M. (CCH) 1376; T.C.M. (RIA) 89446; August 21, 1989
Henry D. Nunez, for the petitioners. Robert J. Misey, Jr., for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Year
Deficiency
Section 6653(a) [1]
1974
$ 19,607
$ 962
1975
$ 54,209
$ 2,666
1976
$ 18,609
$ 689
1977
$ 16,528
$ 826
1978
$ 38,148
$1,907
1979
$ 27,661
$ 1,383
After settling years 1976, 1978 and 1979, and after reaching concessions with respect to 1974, 1975 and 1977, the only issue that remains for decision is whether the *447 statute of limitations bars assessment for taxable years 1974, 1975 and 1977. We hold that assessment was not barred by the statute of limitations. The parties submitted this case fully stipulated pursuant to Rule 122. The Stipulation of Facts and related exhibits are found accordingly and incorporated by reference. FINDINGS OF FACTS Petitioners, Gerald Adler and Gisela Adler, husband and wife, resided in Visalia, California at the time they filed the petition in this case. Petitioners filed their 1974 Federal joint income tax return on April 12, 1975. Through successive Forms 872, Consent to Extend the Time to Assess Tax, and a Form 872-A, Special Consent to Extend the Time to Assess Tax, the time to assess for taxable year 1974 was extended indefinitely. All of the Forms 872 and the Forms 872-A were timely and properly executed by respondent. On April 8, 1976 petitioners filed their Federal joint income tax return for taxable year 1975. Through successive Forms 872 and a Form *448 872-A the time to assess for taxable year 1975 was extended indefinitely. Both Forms 872 and the Forms 872-A for taxable year 1975 were properly and timely executed by respondent. Petitioners filed their 1977 Federal joint income tax return on June 14, 1978. On January 25, 1981, petitioners signed a Form 872-A indefinitely extending the time to assess for taxable year 1977. The Form 872-A was timely and properly executed by respondent. On May 23, 1984 petitioners' counsel sent a letter addressed to the Internal Revenue Service, Fresno, California. The letter included: a Form 2848, Power of Attorney in favor of Henry D. Nunez; a request for copies of all Forms 872 and 872-A signed by petitioners for taxable years 1974, 1975 and 1977; and the following statement "I hereby revoke, cancel and nullify any waivers that have been executed by my clients or their representatives in favor of the Internal Revenue Service * * * for the above mentioned tax periods." The language purporting to revoke the Forms 872 and 872-A included petitioners' names and taxpayer identification numbers and the type of returns involved as well as the taxable years in question. On March 22, 1985 petitioners' *449 counsel sent a second letter to respondent. This letter was addressed to revenue agent Mr. McKinney, and made a second request for any copies of Forms 872 or Forms 872-A executed by petitioners. It reiterated petitioners' request to revoke the Forms 872 and 872-A for tax years 1974, 1975, and 1977. Again, the letter set forth the taxpayer's name and identification number, type of return involved, and the taxable years in question. On September 20, 1985 petitioners' counsel wrote a third letter containing language purporting to "revoke, cancel and nullify any waivers of the statute of limitations." This letter was sent once again to Mr. McKinney of the San Jose, California office of the Internal Revenue Service. No Forms 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, were ever sent by petitioners to the Internal Revenue Service office handling petitioners' 1974, 1975, and 1977 tax returns. The IRS did not respond to petitioners' counsel's letters. On December 23, 1986, respondent mailed a statutory notice of deficiency to petitioners and a copy thereof to petitioners' counsel. OPINION The issue for decision is whether the statute of limitations *450 bars assessment of income tax for the taxable years 1974, 1975, and 1977. The general rule provided by section 6501(a) is, taxes must be assessed within three years from the date the tax return was filed. The Secretary and a taxpayer may enter into an agreement altering the general rule by extending the period for assessment. Section 6501(c)(4). In the instant case, petitioners and respondent extended indefinitely the period of limitations on assessment of tax for the three years before this Court, by using successive Forms 872 and a Form 872-A. The point of contention is whether petitioners effectively terminated the agreements extending the period of limitations with letters sent by petitioners to respondent. We have consistently held: The bar of the statute of limitations is an affirmative defense, and the party raising it must specifically plead it and carry the burden of proof with respect thereto. Rules 39, 142(a). Where the party pleading such issue makes a showing that the statutory notice was issued beyond the normally applicable statute of limitations, however, such party has established a prima facie case. At that point, the burden of going forward with the evidence *451 shifts to the other side, and the other party has the burden of introducing evidence to show that the bar of the statute is not applicable. Where the other party makes such a showing, the burden of going forward with the evidence then shifts back to the party pleading the statute, to show that the alleged exception is invalid or otherwise not applicable. The burden of proof, i.e., the burden of ultimate persuasion, however, never shifts from the party who pleads the bar of the statute of limitations. * * * [Adler v. Commissioner, 85 T.C. 535, 540 (1985).] Petitioners have specifically pleaded the statute of limitations as an affirmative defense. They have also made a showing that the statutory notice was issued beyond the normally applicable period of limitations. By establishing a prima facie case petitioners made it incumbent upon respondent to go forward with evidence to show that the bar of the statute is not applicable. Respondent asserts the Forms 872-A utilized by the parties provides, on its face, the exclusive methods that must be employed to terminate the agreement it represents. Form 872-A reads in part: (1) The amount of any Federal Income *452 Tax Due on any Return(s) made by or for the above taxpayer(s) for the period ended [Date] may be assessed on or before the 90th (ninetieth) day after: (A) The Internal Revenue Services office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend The Time To Assess Tax, for the taxpayer(s). * * * [2]
Respondent never received a Form 872-T from petitioners. Nor do petitioners claim to have sent a Form 872-T to respondent for the years at issue. Therefore, respondent asserts, the period of limitations had not expired prior to the issuance of the statutory notice for these years. Respondent has carried its burden of showing that the bar of the statute of limitations is not applicable. The burden of ultimate persuasion resides with petitioners to show that such exception is not valid. Petitioner asserts that Form 872-T is not the exclusive means by which a taxpayer can revoke a Form 872-A. Petitioner sets forth four arguments why the Forms 872-A should be considered revoked by means other than a Form 872-T: 1) Form 872-A is ambiguous *453 on its face with respect to the requirements of revocation; 2) Contract principles should apply and, if they do they would necessitate a finding that the 872-A is an invalid contract; 3) Respondent should be estopped from requiring the Form 872-T to terminate Forms 872-A; 4) The Due Process clause of the Fifth Amendment will be violated if the statute of limitations does not bar assessment. Petitioners' most significant argument is that Form 872-A is ambiguous on its face. In Ribb v. Commissioner, T.C. Memo. 1988-379, this Court found that Form 872-A unambiguously provides that it may be terminated only by the performance of certain acts. The only way for petitioners to revoke the Forms 872-A is by sending a properly addressed, completed, and executed Form 872-T to the Internal Revenue Services Center handling their matter. In Grunwald v. Commissioner, 86 T.C. 85, 89 (1986), this Court stated "A deal is after all a deal, and fairness dictates that both parties adhere to the provisions of the document they both voluntarily signed." (Emphasis added.) Petitioners' never sent a Form 872-T to respondent. Therefore, we reject petitioners' *454 argument and hold in the absence of a Form 872-T, the Forms 872-A were not revoked. Petitioners contend that contract principles should apply, therefore, no valid contract exists. Petitioners' contention turns on the fact that no consideration inured to the benefit of petitioners upon signing the Forms 872-A. In Piarulle v. Commissioner, 80 T.C. 1035 (1983), this Court held that Form 872-A is an unilateral waiver of a defense and not a contract. While contract principals may be considered for guidance they are not dispositive. No consideration is necessary to give effect to such a waiver. Tallal v. Commissioner, 77 T.C. 1291, 1294 (1981); Ribb v. Commissioner, supra.Thus, this argument by petitioners is also rejected. Petitioners' estoppel argument is rejected as well. As stated in Piarulle v. Commissioner, supra at 1044, there are four requirements that must be met before equitable estoppel will apply: 1) A false representation or wrongful misleading silence; 2) an error in statement of fact; 3) the one claiming the benefits of estoppel must not know the true facts; and 4) the same person must be *455 adversely affected by the acts or statements of the one against whom estoppel is claimed. Equitable estoppel is applied against the Government only with extreme caution and restraint. Boulez v. Commissioner, 76 T.C. 209 (1981), affd. 810 F.2d 209, 214-215 (D.C. Cir. 1987). Petitioners have not shown the facts in this case meet any of the four requirements listed above. Due Process entitles a taxpayer to an unbiased hearing before the government can deprive him of his life, liberty or property. Goss v. Lopez, 419 U.S. 565 (1975). The United States Tax Court, as a prepayment forum, provides such an unbiased hearing. Therefore, we do not accept petitioners' argument that they have been denied due process by the government's refusal to give effect to petitioners' attempts at revoking Forms 872-A by means other than a Form 872-T. We find that the Forms 872-A executed by these parties were not revoked by petitioners' counsel's letters, therefore, the assessment for the years 1974, 1975, and 1977 is not barred by the statute of limitations. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Form 872-A provides other methods of revocation which are not applicable in this case.↩