ESTATE OF JOSEPH WEISEL, DECEASED, JOYCE WEISEL, TEMPORARY ADMINISTRATRIX, AND JOYCE WEISEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Weisel v. Commissioner
Docket No. 1948-89
United States Tax Court
T.C. Memo 1990-351; 1990 Tax Ct. Memo LEXIS 363; 60 T.C.M. (CCH) 100; T.C.M. (RIA) 90351; July 11, 1990, Filed Richard G. Buckingham and Abe S. Erdynast, for the petitioners. Rosemarie Dever Camacho, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard by Chief Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code, and Rule 180 et seq. All section references are to the Internal Revenue Code, as amended. All Rule references are to the Tax Court Rules of Practice and Procedure. *365 The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Chief Special Trial Judge: This matter is before the Court on petitioners' Motion for Partial Summary Judgment in favor of Joseph Weisel, Deceased, and on petitioners' Motion to Dismiss as to Joyce Weisel for Lack of Jurisdiction. The issues for decision are (1) whether it is appropriate to grant petitioners' motion for partial summary judgment on the grounds that the period for assessment has expired as to Joseph Weisel, Deceased, and (2) whether the notice of deficiency is valid as to Joyce Weisel. In a notice of deficiency dated November 2, 1988, respondent determined the following deficiencies and additions to tax in petitioners' Federal income taxes: Year
Deficiency
Section 6661 Additions to Tax
1982
$ 21,484.00
$ 5,371.00
1983
$ 30,433.00
$ 7,608.00
1984
$ 19,510.00
$ 4,877.50
FINDINGS OF FACT Petitioners were legal residents of Bellmore, New York, at the time the petition was filed herein. Joyce Weisel and Joseph Weisel timely filed joint Federal income tax returns for the taxable years *366 1982, 1983, and 1984. In an affidavit submitted by respondent which petitioners have not contested, Revenue Agent Gene K. Spitzer attested to the following facts. Mr. Spitzer initiated an examination of the Weisels' 1982 tax return in October of 1983. Joseph Weisel died in December 1984 and the audit continued with the cooperation of Joyce Weisel and her representative. Mr. Spitzer mailed a Form 872-A to Joyce Weisel on August 14, 1985, relating to the 1982 taxable year. Form 872-A is a special consent to extend the time for respondent to assess Federal income tax. The back of the form contains the following language: "If this consent is for income tax, * * * and is made for any year(s) for which a joint return was filed, both husband and wife must sign the original and copy of this form unless one, acting under a power of attorney, signs as agent for the other." On approximately September 5, 1985, Mr. Spitzer received Form 872-A altered to cover both the 1982 and 1983 taxable years. It was signed by Joyce Weisel and by Ronald H. Baron as the taxpayers' representative. The signature line where Joseph Weisel or Joseph Weisel's agent would have signed is blank. Mr. Spitzer determined *367 this Form 872-A was invalid since neither Mr. Baron nor Joyce Weisel had power of attorney for Joseph Weisel or for the Estate of Joseph Weisel. Mr. Spitzer then mailed out a second Form 872-A to Joyce Weisel. Approximately November 27, 1985, Mr. Spitzer received Form 872-A with Joyce Weisel's signature on behalf of herself and her signature as executrix of the Estate of Joseph Weisel. Respondent did not accept this Form 872-A as a valid extension of the time to assess tax since he correctly knew that Joyce Weisel was not the executrix and had no power of attorney to act on behalf of the Estate of Joseph Weisel. Mr. Spitzer received a copy of Joseph Weisel's Last Will and Testament and determined that Joyce Weisel was the sole beneficiary of the Estate of Joseph Weisel. He determined that the Estate had no assets remaining. Mr. Spitzer sent out a third Form 872-A to Joyce Weisel on approximately December 5, 1985. At the end of December 1985 respondent received Form 872-A signed only by Joyce Weisel as the principal taxpayer extending the assessment period for the 1982 taxable year. Attached to this form is the following statement: Pursuant to the request of the Internal *368 Revenue Service regarding further review of the tax returns of Joseph Weisel and Joyce Weisel, I state that I will be responsible for the tax liability, if any, upon said review. Joyce Weisel
Dated: Bellmore, New York
December 27, 1985.
Respondent accepted this Form 872-A as a valid consent by Joyce Weisel and Joseph Weisel to extend the time to assess their Federal income tax for the 1982 taxable year. Similar Forms 872-A (with the above statement attached) were received and accepted by respondent for the 1983 and 1984 taxable years. On November 2, 1988, respondent issued the notice of deficiency at issue herein. He addressed the statutory notice to "Joseph Weisel, Deceased & Joyce Weisel, Surviving Wife." OPINION Motion for Partial Summary Judgment
Rule 121(b) states that a motion for summary judgment may be granted if there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Similarly, a partial summary judgment may be made which does not dispose of all issues in the case. The party opposing the motion for judgment is to be given the benefit of all reasonable doubt, and all facts contained *369 in the record are viewed in a light most favorable to the opposing party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Shiosaki v. Commissioner, 61 T.C. 861 91974).The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).Ordinarily, summary judgment should not be granted in a case in which intent is an issue. Shiosaki v. Commissioner, supra at 863-864.A conclusion as to intent should not be reached without the benefit of a trial in which demeanor can be observed and credibility can be weighed. Shiosaki v. Commissioner, supra.Respondent contends that Joyce Weisel's intent in signing the statement attached to Form 872-A is a genuine issue of material fact. Alternatively, respondent contends that petitioners are equitably estopped from claiming that the statute of limitations has expired unless they concede that Joyce Weisel is not an innocent spouse and unless they otherwise comply with the intent *370 of Joyce Weisel's signed statements by accepting liability for the Federal income tax deficiencies as determined by respondent. At the time the third Form 872-A was signed by Joyce Weisel, she had no authority to act on behalf of Joseph Weisel, Deceased, or on behalf of the Estate of Joseph Weisel. It is well established that when there is a joint return one spouse cannot bind the other spouse since they are considered to be independent taxpayers. Tallal v. Commissioner, 77 T.C. 1291, 1295 (1981), affd. on other issues 778 F.2d 275 (5th Cir. 1985); Ekdahl v. Commissioner, 18 B.T.A. 1230 (1930). Accordingly, Joyce Weisel's intent in signing Form 872-A is irrelevant for the purpose of deciding whether petitioners' motion for partial summary judgment should be granted. As a result, there are no material facts in issue. It is without dispute that Form 872-A accepted by respondent for the purpose of extending the statute of limitations for assessing Federal income tax was not signed by someone with authority to act on behalf of Joseph Weisel, Deceased. Therefore, as a matter of law, Form 872-A is invalid as to Joseph Weisel, Deceased. *371 Respondent contends alternatively that the doctrine of equitable estoppel applies and petitioners are estopped from relying upon the statute of limitations to defeat assessment of Federal income taxes from the Estate of Joseph Weisel or his transferee Joyce Weisel. Petitioners argue that respondent has failed to satisfy the elements necessary to invoke the doctrine of equitable estoppel. We agree with petitioners. It is fundamental to the doctrine of equitable estoppel that the party raising the issue has been misled in reliance upon the representations of the opposing party. Century Data Systems, Inc. v. Commissioner, 86 T.C. 157, 165-166 (1986).The factors required for equitable estoppel to apply are: (1) there must be false representation or wrongful misleading silence; (2) the error must originate in a statement of fact, not in opinion or a statement of law; (3) the one claiming the benefits of estoppel must not know the true facts; and (4) that same person must be adversely affected by the acts or statements of the one against whom an estoppel is claimed.
Lignos v. United States, 439 F.2d 1365, 1368 (2d Cir. 1971). *372 See Piarulle v. Commissioner, 80 T.C. 1035 (1983). A taxpayer may be estopped to deny the validity of an agreement to extend the statute of limitations when respondent reasonably relies upon waivers executed by the taxpayer. Piarulle v. Commissioner, supra at 1044; Benoit v. Commissioner, 25 T.C. 656 (1955), vacated and remanded on other grounds 238 F.2d 485 (1st Cir. 1956). Section 6013(d)(3) provides that the tax liability of a husband and wife who file a joint return shall be joint and several. Respondent contends that Joyce Weisel falsely represented that she would assume responsibility for Federal income tax liability on the joint returns filed by Joyce and Joseph Weisel. Respondent further contends that petitioner is now trying to avoid liability as a transferee by reason of this partial summary judgment. Respondent alleges Joyce Weisel is trying to avoid her joint and several liability by arguing she is an innocent spouse, and, therefore, relieved of liability pursuant to section 6013(e). Any consideration of Joyce Weisel's liability as a transferee, or of Joyce Weisel's avoidance of liability by reason *373 of being an innocent spouse is irrelevant to a motion for partial summary judgment in favor of Joseph Weisel. As we explained above, Joseph Weisel's interests are separate from Joyce Weisel's interests regarding Federal income tax liability. Accordingly, we will apply the doctrine of equitable estoppel solely to the issue at hand, i.e., whether petitioners are estopped to deny the validity of the agreement between Joyce Weisel and respondent to extend the period of limitations as to Joseph Weisel, Deceased. The first factor that must be met is whether there were false representations or wrongful misleading silence by petitioners as to Joseph Weisel. Regarding the third Form 872-A, there were no false representations. Joyce Weisel signed Form 872-A on her own behalf and additionally reaffirmed her preexisting joint and several liability for any Federal income tax deficiencies resulting from the petitioners' joint Federal income tax returns. There was no signature or statement on behalf of Joseph Weisel. Therefore, respondent knew that the period of assessment was not extended as to Joseph Weisel, Deceased, pursuant to the terms of Form 872-A and section 6501(c)(4). The second *374 factor to consider is that the error must originate in a statement of fact. The "error" herein is that respondent did not foresee that Joyce Weisel would raise the innocent spouse issue. This is not a statement of fact relating to the interests of Joseph Weisel. This is a statement of law relating to Joyce Weisel. Therefore, the second factor has not been satisfied. The third factor is that respondent must not know the true facts regarding Joseph Weisel, Deceased. Respondent knew, at the time the period for assessment was being extended, that no one had power of attorney over Joseph Weisel's interests. Respondent also knew that the Form 872-A he accepted did not contain any signature purporting to represent Joseph Weisel's interests. Respondent knew the true facts regarding Joseph Weisel, Deceased, and, therefore, the third factor has not been satisfied. The fourth factor has been satisfied since respondent has been adversely affected by the acts and statements of petitioners. However, this is a conjunctive test and all four factors must be satisfied in order for equitable estoppel to be applicable. Accordingly, the doctrine of equitable estoppel may not be applied by respondent *375 to validate Form 872-A as to Joseph Weisel, Deceased. Pursuant to the above, we conclude that Form 872-A did not extend the time for respondent to assess Federal income tax from Joseph Weisel, Deceased. Therefore, petitioners' Motion for Partial Summary Judgment as to Joseph Weisel, Deceased, will be granted.
Motion to Dismiss as to Joyce Weisel for Lack of Jurisdiction
Before us for disposition is petitioners' Motion to Dismiss for Lack of Jurisdiction. Petitioners contend that because the notice of deficiency was addressed to "Joseph Weisel, Deceased and Joyce Weisel, Surviving Wife," it was not sent to Joyce Weisel in her personal capacity which petitioners contend is required by section 6212(a). This Court has jurisdiction to redetermine a taxpayer's deficiency in Federal income tax only if the deficiency notice is valid. Sec. 6214(a). Section 6212(a) does not prescribe exact specifications for a valid deficiency notice. However, "In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice." Sec. 6212(b)(2). We decided a similar factual situation in Estate of Eversole v. Commissioner, 39 T.C. 1113 (1963). *376 In that case the deficiency notice was addressed to "Mrs. Ina G. Eversole, Surviving Spouse." We held that "the statute does not require any special form of deficiency notice * * *. The words 'surviving spouse' as used in the notice of deficiency here in question were merely descriptio personas." Estate of Eversole v. Commissioner, supra at 1119-1120.We held in a later case which involved a similar issue regarding the validity of the notice of deficiency that, The purpose of the statutory requirements is directly to inform a taxpayer of a claim against him for additional taxes due from him and to protect him against being bound by notices of deficiencies addressed to another person or improperly addressed to the taxpayer. [Citation omitted.] Petitioners herein were so informed directly and unequivocally.
Bunnel v. Commissioner, 50 T.C. 837, 842 (1968). It is evident from the record that Joyce Weisel fully understood that the notice determined individual liability against her. It is equally clear that she was not misled in this respect by the use of the words "surviving wife." We hold that she was informed *377 directly and unequivocally of the claim against her for the additional taxes due. As the Court of Appeals for the Second Circuit stated, "the notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." Olsen v. Helvering, 88 F.2d 650, 651 (2d Cir. 1937). Pursuant to the above, we will deny petitioners' Motion to Dismiss as to Joyce Weisel for Lack of Jurisdiction. An appropriate order will be issued.