JOHN W. BAUER AND ANDREA W. BAUER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bauer v. Commissioner
Docket No. 20417-87.
United States Tax Court
T.C. Memo 1992-257; 1992 Tax Ct. Memo LEXIS 280; 63 T.C.M. (CCH) 2921; May 5, 1992, Filed *280 An appropriate order will be issued and decision will be entered under Rule 155. John W. Bauer and Andrea W. Bauer, pro se. Wendy Sands, for respondent. CLAPP
CLAPP
MEMORANDUM OPINION CLAPP, Judge: This case is before the Court on respondent's motion for entry of decision. Respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Additions to Tax Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
1980
$ 4,197.92
--
$ 209.90
1981
13,732.00
$ 291.00
--
After concessions by the parties, the only remaining issue is whether respondent may go beyond the expressed scope of a limited or restricted consent to extend the statute of limitations, section 6501(a), to correct a computational error in and recalculate petitioners' alternative minimum tax (AMT) calculation under sections 55 through 59 for 1981. We hold that the scope of the restricted consent was clear and unambiguous, and the portion of respondent's deficiency determination based on her correction and recalculation of petitioners' AMT is beyond that scope and is barred by section 6501(a). All section references are to the Internal Revenue Code in effect *281 for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Petitioners resided in Mamaroneck, New York, at the time of the filing of their petition. Background
Petitioners claimed deductions on their 1980 and 1981 income tax returns relating to their investment in American Fire and Industrial Products Company (Amfire), a limited partnership. Petitioners filed their 1981 income tax return on October 4, 1982. On June 20, 1985, petitioners' accountant, acting pursuant to a power of attorney filed with respondent, executed a Form 872, Consent to Extend the Time to Assess Tax (hereinafter referred to as Form 872 or consent), on behalf of petitioners which extended the time for assessment until June 30, 1986. The consent had been previously executed by respondent's representative when petitioners' accountant signed it. The time for assessment was further extended until December 31, 1987, by a second Form 872, signed by petitioners' accountant and respondent's representative on April 15, 1986, and May 6, 1986, respectively. Both consents contained the following restriction: (4) The amount of any deficiency assessment is to be limited *282 to that resulting from any adjustment to: (a) items affected by the carryover of continuing tax effect caused by adjustments to any prior tax return; (b) the taxpayer's distributive share of any items of gain, loss, deduction, or credit of or distribution from AMERICAN FIRE AND INDUSTRIAL PRODUCTS COMPANY 05-0370961; (c) the tax basis of the taxpayer's interest(s) in the aforementioned partnership(s) or organization(s) treated by the taxpayer(s) as a partnership; and (d) any gain or loss (or the character or timing thereof) realized upon the sale or exchange, abandonment, or other disposition of taxpayer's interest in such partnership; including any consequential changes to other items based on such adjustment.
Respondent issued a statutory notice of deficiency on March 26, 1987, more than 4 years after petitioners filed their 1981 tax return. Petitioners timely filed their petition. On May 5, 1988, after the case was set for trial, the parties jointly moved the Court to continue the case generally. Respondent designated the case to be included in the Amfire nationwide tax shelter project and requested coordinated management and disposition of the Amfire project *283 cases. The motion was granted on May 13, 1988, and the case was continued generally. Subsequently, the case was assigned to this Division of the Court for trial or other disposition. Thereafter, respondent proposed a project settlement of the Amfire issues and on May 9, 1990, sent decision documents in accordance with her project settlement to petitioners requesting that they execute and return them. Respondent's project settlement position was based on the Bankruptcy Court's opinion in United States v. Stroupe, 69 Bankr. 240 (M.D. Fla. 1986), which involved Amfire's general partner. Petitioners accepted respondent's project settlement but contested the amounts of the deficiencies for 1980 and 1981. The parties eventually agreed on the 1980 deficiency amount, as well as the existence of an overpayment for that year. The overpayment is due to a tax payment for 1980 that petitioners made after the mailing of the notice of deficiency. Petitioners, however, still dispute respondent's 1981 deficiency determination. Respondent, in computing the 1981 deficiency based on the Amfire settlement, also recomputed petitioner's AMT to correct an admitted error in the *284 original return. Petitioners agree with the deficiency relating to the Amfire settlement, but take the position that correction of the computational error in the AMT is barred by the statute of limitations. Respondent contends that petitioners did not raise the statute of limitations defense "until after they received the decision documents in the case, four years after they filed their petition", and argues that it is, therefore, untimely. Timely therein made it quite clear that the parties were aware of the statute of limitations issue and decided to let the statute of limitations run as to all other matters. It was not unreasonable for petitioners to assume that no determinations other than Amfire would be made. Respondent has not been prejudiced in any way. Rule 41(a) allows a party to amend a pleading with leave of Court, and the Rules state that such leave shall be given freely when justice so requires. To the extent necessary, we consider petitioners' November 15, 1991, filing as a motion to amend the petition, which we hereby grant, and an amendment to the petition raising the statute of limitations as an affirmative defense. Thus, we will address the merits of petitioners' *285 statute of limitations claim. Discussion
Section 6501(a) establishes the general rule that taxes imposed by the Internal Revenue Code "shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed)". Exceptions to the general rule include section 6501(c)(4), which provides that: Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.
Respondent claims that the exception in section 6501(c)(4) applies in this case, and that the entire deficiency for 1981 is covered by petitioners' consent. Petitioners assert that the portion of respondent's deficiency determination arising from respondent's recalculation of petitioners' 1981 AMT is beyond the scope of the consent and *286 is barred by section 6501(a). Thus petitioners contend that their 1981 deficiency should include only the tax attributable to the increase in their 1981 income resulting from respondent's determinations regarding Amfire. It is well established that a Form 872 consent to extend the statute of limitations is essentially a unilateral waiver of a defense by the taxpayer, and not a contract in the true sense. Stange v. United States, 282 U.S. 270 (1931); United States v. Gayne, 137 F.2d 522 (2d Cir. 1943); Tallal v. Commissioner, 77 T.C. 1291 (1981). However, since section 6501(c)(4) requires that the parties reach a written agreement, we have applied contract principles to determine the existence of and scope of that agreement. Kronish v. Commissioner, 90 T.C. 684, 693 (1988); Southern v. Commissioner, 87 T.C. 49 (1986); Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). The parties objectively manifested their agreement to extend the statute of limitations in the two Forms 872, including the restrictive language therein. It is these documents which embody the *287 agreement defining the scope and extent of petitioners' consent to extend the statute of limitations. Kronish v. Commissioner, supra; Piarulle v. Commissioner, supra.
The Forms 872 limit any subsequent deficiency assessment to that resulting from any adjustment to petitioners' distributive share of any Amfire item, petitioners' basis in their interest in Amfire, any gain or loss on disposition of that interest, and any consequential changes resulting therefrom. The consents also contained a clause covering the carryover effects, if any, of adjustments made to any prior tax return, which is inapplicable because there are no such carryover effects involved in this case. Respondent argues, however, that correction of an error in the AMT calculation is necessarily within the scope of the consent. Where taxable income is increased, a "deficiency" cannot be determined without a full recomputation, including application of whatever code sections are necessary, to arrive at the correct tax liability. Respondent supports this proposition by citing section 6211. That section defines the term "deficiency" as the amount by which the tax imposed *288 by subtitles A and B of the Internal Revenue Code, inter alia, exceeds the tax shown on the taxpayer's return. Thus, respondent argues, since the AMT (sections 55 to 59) is part of subtitle A, she can and must correctly compute the tax due pursuant to those sections, correcting computational mistakes or other errors in the process. Respondent ignores the fact that the parties did not extend the statute of limitations with respect to the AMT itself. In the present case, it is clear that but for the change in petitioners' distributive share of Amfire's deductions, respondent's recalculation of petitioners' AMT would be barred by the statute of limitations. Respondent, of course, may assess and correctly compute in accordance with the Internal Revenue Code an increase in tax liability resulting directly from adjustments to items enumerated in the consents. In this case, only Amfire items qualify. Alternatively, respondent argues that the deficiency resulting from the AMT recalculation is covered by the following portion of the consents' restrictive language: (4) The amount of any deficiency assessment is to be limited to that resulting from any adjustment to: * * * (d) *289 any gain or loss (or the character or timing thereof) realized upon the sale or exchange, abandonment, or other disposition of taxpayer's interest in such partnership; including any consequential changes to other items based on such adjustment. [Emphasis added.]
A "consequential change", however, must refer to a change which occurs as a consequence of some specified antecedent action, or effect on an antecedent item. Powell v. Commissioner, T.C. Memo. 1990-329. The antecedent actions or items in this case are the enumerated Amfire items with respect to which the parties expressly agreed petitioners were consenting to extend the statute of limitations. The parties in Powell v. Commissioner, supra, executed a Form 872 for the taxpayer's 1981 tax year containing restrictive language virtually identical to that quoted above. The consent was limited to changes relating to a partnership in which the taxpayer had an interest, any carryover effects caused by adjustments to any prior tax return, and any consequential changes based on such adjustments. Although there was no change in partnership items, respondent issued a notice of *290 deficiency for 1981 disallowing a political contribution and the taxpayer's use of income averaging for 1981. We held that the political contribution deduction and income averaging were beyond the scope of the restricted consent, and respondent's determinations with respect to them were barred by the statute of limitations. We further held that, since the parties had separately agreed to adjust the taxpayer's 1979 and 1980 returns, respondent could assess the 1981 carryover tax effects of those adjustments as a "consequential change" of an enumerated item in the consent. We reaffirm that reasoning of Powell in this regard, and apply its reasoning to the situation presently before the Court. In the present case, the phrase "consequential changes" refers to, at most, a change to petitioners' distributive share of any Amfire item, petitioners' basis in their interest in Amfire, and any gain or loss on disposition of that interest. Respondent's recalculation or correction of petitioners' AMT is not within the ambit of these enumerated items. Cf. Southern v. Commissioner, 87 T.C. 49 (1986). Respondent may not use a restricted consent as a jumping-off point *291 to correct or adjust return items unrelated to the issues or items expressly enumerated in the consent simply because the unrelated item flows through the same mathematical calculation. Whether petitioners correctly calculated the AMT on their 1981 return is a substantive issue in and of itself and is not related to petitioners' distributive share of Amfire items, their basis in their interest in Amfire, or a disposition thereof. A recalculation or correction in petitioners' AMT computation, or any other return item, computational or otherwise, is not logically implied in or even correlative to the language used by the parties in the consent. We hold that the portion of respondent's deficiency determination based on her recalculation of petitioners' AMT is beyond that scope and is barred by section 6501(a). An appropriate order will be issued and decision will be entered under Rule 155.