IRVING S. FREEDMAN and HARRIETTE FREEDMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Freedman v. Commissioner
Docket No. 7040-84.
United States Tax Court
T.C. Memo 1986-257; 1986 Tax Ct. Memo LEXIS 351; 51 T.C.M. (CCH) 1264; T.C.M. (RIA) 86257; June 23, 1986. *351 Benjamin Lewis, for the petitioners. Norman A. Segal, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1971
$16,170
1972
17,103
1973
37,077
1974
8,949
Petitioners filed a motion for partial summary judgment pursuant to Rule 121, [1] claiming that the stature of limitations bars assessment of the deficiencies determined for the years 1971, 1973, and 1974. Petitioners resided in New York, New York, when they filed their petition in this case. They timely filed joint Federal income tax returns for the taxable years 1973 and 1974. The year 1971 is at issue because of petitioners' claimed carry-back loss from 1974. Beginning on January 7, 1977, the parties executed a series of Forms 872, Consents to Extend Time to Assess Tax, which were effective to extend the statute of limitations with respect to the years in issue through December 31, 1980. On July 18, 1980, they executed a Form 872-A, which provided that the limitations *352 period would be extended until: [T]he 90th * * * day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s) * * *. The instructions on Form 872-T provide the following: If the tax return(s) to which this notice applies is under consideration by the Examination Division, mail this notice to the District Director of Internal Revenue having jurisdiction over the return(s), Attention: Chief, Examination Division. Respondent has conceded that on September 15, 1983, petitioners delivered a Form 872-T marked "District Director of Internal Revenue, Attn: Chief Examination Division" to "a suboffice of the District Director" located at 1501 Broadway. He asserts, however, that the actual address at which the returns were being considered by the District Director's office was 120 Church Street, and thus the Form 872-T was not received by the "office considering the case" until January 10, 1984. [2] Neither street address appeared on the form. Respondent mailed to notice of deficiency to petitioners on February 7, 1984, more than 90 days after the September 15, 1983 delivery, *353 but within 90 days of January 10, 1984. The parties agree that if the Form 872-T was effectively received on September 15, 1983, then assessment of the deficiencies for 1971, 1973, and 1974 is barred by the statute of limitations. In his memorandum of law, respondent argued not only that the form was delivered to the wrong address, but also that the form should have been mailed rather than hand-delivered. But at the hearing on the motion, respondent conceded that hand-delivery to 120 Church Street would have been acceptable. Thus, we are faced with the narrow question of whether delivery of a Form 872-T marked "Attn.: Chief Examination Division" to one of several offices of the District Director for the proper district is sufficient to terminate the indefinite extension of the statute of limitations. We conclude that the term "office considering the case" appearing *354 on Form 872-A refers to the Office of the District Director for the proper district, and not to the specific office building at which the return is actually being considered. Accordingly, when petitioners delivered to an office of the Manhattan District Director a Form 872-T marked for the attention of the Chief, Examination Division, they sufficiently complied with respondent's instructions. The situation here is distinguishable from a recent Memorandum Opinion of this Court, and the distinction underlines the narrowness of our holding in this case. In , we held that mailing a Form 872-T to an Internal Revenue Service Center, rather than to the District Director's office, did not satisfy the requirement of sending the form to "the Internal Revenue Service office considering the case." See also . Here, by contrast, we think that the delivery of the Form 872-T, marked for the attention of the Chief, Examination Division, to one of several offices of the District Director for Manhattan when no specific address appears in the filing instructions is sufficient notice *355 to the "office" considering the case. [3]
Respondent further argues that petitioners should be estopped from denying that the notice of deficiency was timely because "respondent, unaware of petitioners' change in position, in good faith continued to rely on the agreement of the parties (Form 872-A) to respondent's injury and prejudice." He urges that "[t]he Court should not permit the petitioners to profit from their wrong." The fact that respondent remained unaware of petitioners' changed position after the District *356 Director's office received the form is certainly not attributable to any "wrong" on petitioners' part. Responsibility for this mishap lies somewhere within the Office of the District Director. Accordingly, we will grant petitioners' motion for partial summary judgment. An appropriate order will be issued.
Footnotes
1. All references to "Rules" are to the Tax Court Rules of Practice and Procedure.↩
2. On January 5, 1984, petitioners' attorney telephoned the 120 Church Street office to see if a notice of deficiency had yet been mailed in response to the Form 872-T. He was asked at that time to mail a copy of the form to the Examination Division Review Staff. That copy was received on January 10, 1984.↩
3. In (9th Cir., July 17, 1985), affg. per curiam an order of this Court, the Court of Appeals held that a letter, as opposed to a proper Form 872-T, sent to the District Director's office but not marked to the attention of the Examination Division, did not serve to terminate the extension of the statute of limitations because "it was not directed to the proper division and that division was never apprised of taxpayers' desire to terminate the extension." The Form 872-T at issue in the instant case was marked for the attention of the proper division, and thus we conclude that a different result is warranted.↩